IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:18CR406 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIE R. BENTON, JR., | ) | <u>UNITED STATES OF AMERICA</u> |
| | ) | <u>SENTENCING MEMORANDUM</u> |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Aaron P. Howell, Assistant United States Attorney, and respectfully submits the following memorandum regarding the sentencing of defendant Willie R. Benton, Jr..

I. **<u>851 Statutory Enhancement is no longer applicable to the Defendant</u>**

The parties entered into a plea agreement on or about November 2, 2018. *See* ECF at Doc #: 36. As part of the plea agreement, the parties included a statutory enhancement notice in accordance with the provisions of Title 21, § 851(a)(1), United States Code that referenced the Defendant's prior felony drug offense conviction. *Id* at PageID #: 122. Based upon the notice, the statutory penalty for Count 1 enhanced to a mandatory minimum of 10 years and a possible maximum sentence of up to life imprisonment, a $10,000,000 fine and a mandatory period of at least 8 years of supervised release. Under Section 401 of the First Step Act of 2018, in any

sentencing that takes place after December 21, 2018, the description of qualifying convictions has changed, as have the penalties in subsection (A).  The enhanced penalties now apply based on a prior "serious drug felony" or "serious violent felony."  The term "serious drug felony" is much narrower than the term "felony drug offense" that previously applied in subsections (A) and (B).  A serious drug felony prior conviction must have carried with it a maximum sentence of 10 years or more as explained in Section 924(e)(2)(A), for which the person served more than 12 months and was released from prison within 15 years of the commencement of the instant offense.  Moreover, under Section 924(e)(2)(A), the felony must be a violation of the federal Controlled Substances Act, or an offense under state law involving manufacturing, distributing, or possessing with intent to distribute.  The Defendant does not have a qualifying prior serious drug felony or serious violent felony conviction so the sentencing enhancement does not apply to the Defendant.

2. **The Final PSR**

The United States stands by its sentencing guideline calculations listed in the plea agreement.  The Final Pre-Sentence report writer concurs with the United States' guideline calculations.  *See* ECF at Doc #: 48 *SEALED* at PageID #: 402.  The United States also agrees that the Defendant qualifies as a criminal history category of VI.  The applicable sentencing guideline range is 235-293 months.

3. **Testimony at Sentencing**

The United States intends to introduce testimony from forensic scientist Keith Taggart from the Ohio Bureau of Criminal Investigation and Identification regarding his testing of the controlled substances in this case and his opinion regarding those testing results.  The United States will also have the case agent present at sentencing and may introduce testimony from him.

The United States respectfully requests that the Court give the Defendant a sentence within the guideline range as indicated in the Final Pre-Sentence Report.

        Respectfully submitted,

        JUSTIN E. HERDMAN
        United States Attorney

By:   /s/ Aaron P. Howell
        Aaron P. Howell (OH: 0081347)
        Assistant United States Attorney
        Federal Building
        2 South Main Street, Room 208
        Akron, OH 44308
        (330) 761-0526
        (330) 375-5492 (facsimile)
        Aaron.Howell@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on this 11th day of February, 2019 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                        /s/ Aaron P. Howell
                                        Aaron P. Howell
                                        Assistant U.S. Attorney