# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>v.<br><br>WILLIE R. BENTON JR.,<br>　　　　Defendant. | CASE NO.: 5:18-CR-00406<br><br>JUDGE JOHN R. ADAMS<br><br>**MOITON TO WEIGH EVIDENCE SEIZED DURING EXECUTION OF JUNE 26, 2018 WARRANTS** |

　　　Now comes Defendant, Willie R. Benton Jr., by and through the undersigned counsel and respectfully requests that the alleged contraband seized from the following location be tested independently by the defense at the government's expense: 696 Carlysle Street Akron, Ohio, 4410. The reasons for said motion are more fully set forth in the Memorandum attached hereto and incorporated herein.

　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　DICAUDO, PITCHFORD & YODER, LLC

　　　　　　　　　　　　　　　　　　/s/ J. Reid Yoder
　　　　　　　　　　　　　　　　　　J. Reid Yoder (0076587)
　　　　　　　　　　　　　　　　　　209 S. Main Street, Third Floor
　　　　　　　　　　　　　　　　　　Akron, Ohio 44308
　　　　　　　　　　　　　　　　　　Telephone:330.762.7477
　　　　　　　　　　　　　　　　　　Facsimile:330.762.8059
　　　　　　　　　　　　　　　　　　Email: ryoder@dpylaw.com

　　　　　　　　　　　　　　　　　　*Attorney for Willie Benton Jr.*

## **MEMORANDUM**

Lab reports produced by the Government in discovery state that the search warrants executed on June 26th, 2018 at 696 Carlysle Street Akron, Ohio, 4410, yielded a total of four (4) kilograms of cocaine, located in a kitchen cabinet along with three (3) kilograms of suspected cocaine or crack cocaine base stashed in a safe. However, because the contents of the safe have not been accurately tested to determine if the contraband was cocaine, crack cocaine or cocaine base and because the type of contraband plays a significant role in guideline ranges and the overall time Mr. Benton may be incarcerated, it is imperative that the contraband is tested.

A Defendant's guideline imprisonment range in a controlled substance case is determined primarily by the quantity of the controlled substance seized. Under the sentencing Guidelines, the composition of the drugs impact sentencing and therefore, the Government must allow the Defense to test the drugs. It is a violation of Mr. Benton's right under the 6th Amendment of the United States Constitution not to be informed of the nature and cause of the accusation against him, his right to confront witnesses against him, his right to assistance of counsel, and jury trial guarantees; and, his right under the 5th Amendment of the United States Constitution's Due Process Clause, not to be informed of the exact amount of controlled substance that is the crux of the alleged crime. In *Jones v. United States*, the Supreme Court held that to pass notice requirements a sentencing enhancement must be charged in the indictment, and, in this case, where the alleged amount of drugs would result in a mandatory minimum sentence, the defendant has a right to a notice of an exact, and an independent, determination of the evidence against him, not an estimate, which is exactly what law enforcement and forensic specialists delivered. See *Jones v. United States*, 19 S. Ct. 1215 (1999) (in order to provide constitutional notice requirements, it must be an element of

the charging instrument, where conditioned upon the finding of the additional facts in an offense, a defendant faces steeply higher penalties…)

It is critical for Mr. Benton to know the chemical make-up and or type of controlled substance in order to know the exact nature of the charges against him and to understand the potential penalties involved. An error of any nature in calculations could make a significant difference in his guideline imprisonment range, if found guilty. Any error in the forensic review of the contents of the controlled substance can result in his receiving a sentence in excess of that provided for under the guidelines.

Pursuant to his argument above, Mr. Benton requests that the Government be ordered to preserve the evidence, and that Mr. Benton be able to conduct his own forensic analysis of the controlled substance located in the safe at 696 Carlysle Street Akron, Ohio, 4410 on June 26th, 2018, through his own independent expert at Government's expense, by obtaining an exact result of the chemical composition of the alleged drugs seized, not an "estimate" or "opinion" on what the contraband in question may in fact be.

Respectfully submitted,

DICAUDO, PITCHFORD & YODER, LLC

/s/ J. Reid Yoder
J. Reid Yoder (0076587)
209 S. Main Street, Third Floor
Akron, Ohio 44308
Telephone:330.762.7477
Facsimile:330.762.8059
Email: ryoder@dpylaw.com

*Attorney for Willie Benton, Jr.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 13th, 2024, a copy of the foregoing was served upon counsel for all parties via the Court's electronic filing system.

/s/ J. Reid Yoder
J. Reid Yoder (0076587)
