## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br><br>**v.**<br><br>**WILLIE R. BENTON JR.,**<br>**Defendant.** | ) ) ) ) ) ) ) ) ) | **CASE NO.: 5:18-CR-00406**<br><br>**JUDGE JOHN R. ADAMS**<br><br><u>**MOTION FOR RECONSIDERATION**</u> |

Now comes the Defendant, by and through undersigned counsel and hereby respectfully submits a Post Status/Hearing Brief to clarify certain issues before this Court.

As this Court is aware, the Sixth Circuit has previously ruled in *Kimbrough v. United States*, 552 U.S. 85, (2007) that forensic testing cannot distinguish between crack and other forms of cocaine base. The Court indicated that the Government typically meets its burden by presenting additional evidence that the substance is crack. Under the *Kimbrough* case, examples of this would be the testimony of an individual's visual observation of whether it appeared to be crack. Also, evidence by law enforcement officers or confidential informants that the substance being distributed was either crack or cocaine, further recorded phone calls which would indicate that the Defendant was cooking powder cocaine into crack and selling it.

In essence, the Court is required to review the totality of the circumstances and all evidence which could support the position that it was crack or simply cocaine base. In this matter, the Court at the hearing indicated that any testimony of wire taps into what the Defendant was selling and what form he was selling it in, and also any testimony that officers would eventually provide, would not be relevant in this evidentiary hearing.  It is clear from the Sixth Circuit's mandate that the Court is required to consider *all* relevant conduct including testimony of officers, expert witnesses, wire taps, and personal observations. Therefore, it is extremely important for this Court

to make an informed decision based on all evidence available. The Defense should not be limited to a lab technician's opinion only of whether this is crack or simply cocaine base. To limit the Defense from presenting additional evidence that was not provided at the initial sentencing hearing, would cause this Court to have insufficient evidence to make an informed decision of whether the substance was in fact crack cocaine and therefore, whether the enhancement should apply.

For the foregoing reasons, the Defendant would respectfully request that this Court grant a full evidentiary hearing and permit the Defense to present all relevant evidence that would allow this Court to make an informed decision of whether the substance was crack cocaine.

Respectfully submitted,

DICAUDO, PITCHFORD & YODER, LLC

/s/ J. Reid Yoder
J. Reid Yoder (0076587)
209 S. Main Street, Third Floor
Akron, Ohio 44308
Telephone:330.762.7477
Facsimile:330.762.8059
Email: ryoder@dpylaw.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on April 3, 2025, a copy of the foregoing was served upon counsel for all parties via the Court's electronic filing system.

/s/ J. Reid Yoder
J. Reid Yoder (0076587)