# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** **Plaintiff,** v. **WILLIE R. BENTON JR.,** **Defendant.** | CASE NO.: 5:18-CR-00406 JUDGE JOHN R. ADAMS **MOTION TO EXPAND UPON INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS AND REQUEST FOR EVIDENTIARY HEARING** |

Now comes Counsel for Defendant, Willie R. Benton Jr., by and through undersigned counsel, and respectfully requests this Court to grant an expansion of the claims associated with his ineffective assistance of counsel claim. Specifically, Mr. Benton is requesting that this Court conduct an additional hearing accepting new evidence to support his position that his counsel was ineffective for failing to file a motion to suppress in regards to the probable cause associated with obtaining a search warrant of his home. In *Kimmelman v. Morrison*, 477 U.S. 365 (1986) the U.S. Supreme Court determined and held that:

> Only those habeas petitioners who can prove under *Strickland* that they have been denied a fair trial by the gross incompetence
> Page 477 U. S. 367
> of their attorneys are entitled to the writ and to retrial without the challenged evidence. Pp. 477 U. S. 380-382.
> 2. Respondent satisfied the incompetence prong of the test for ineffective assistance of counsel set forth in *Strickland,* and the Court of Appeals did not err in remanding the case to the District Court for a determination of prejudice under *Strickland's* standard. Pp. 477 U. S. 383-391.
> (a) While the failure to file a suppression motion does not constitute *per se* ineffective assistance of counsel, the record clearly reveals that respondent's attorney failed to file a timely suppression motion, not due to trial strategy considerations, but because he was unaware of the search, and of the State's intention to introduce the bedsheet into evidence, due to his failure to conduct any pretrial discovery. Such failure here was not, as required under *Strickland,* reasonable and in accord with prevailing professional norms. Pp. 477 U. S. 383-387.

The Sixth Circuit also stated, "Benton is entitled to further factual development on his certified ineffective assistance claims." This Court has conducted an initial evidentiary hearing and during the course of that hearing, Mr. Benton testified that he had never received his full discovery in this matter. Further, he indicated that he was not aware of which judicial officer signed the search warrant that gave law enforcement the right to search his home. After that hearing, counsel had requested full discovery in this matter from the U.S. Attorney's office and received it a few days later. Counsel has had an opportunity to review the discovery with Mr. Benton and it is noted that the search warrant was signed by Akron Municipal Judge Nicole Walker on July 27, 2018. It was obtained by an affidavit to obtain a search warrant by an Akron Police Officer and Task Force Officer Michael Gilbride. In this affidavit, it relies almost solely on evidence that was obtained from a title III wiretap, which was sought and obtained from this Court. From the onset of this investigation, it was determined that it was a federal investigation in nature. The proper procedure would have been for the task force officer to obtain a signature for the warrant from a federal magistrate or judge. If one is not reasonably available, he then has the opportunity to obtain a search warrant from a state judge. However, a municipal court judge has limited jurisdiction. A municipal court judge lacks the authority to assess or rely on federal wire tap evidence on issuing a warrant. As a result, the search of Mr. Benton's property was unconstitutional under the Fourth and Fourteenth Amendments. The warrant was issued without a proper showing of probable cause as required by the Fourth Amendment. The Court in *Elkins v. United States*, 364 U.S. 206 (1960) held that:

> 2. In determining whether there has been an unreasonable search and seizure by state officers, a federal court must make an independent inquiry, whether or not there has been such an inquiry by a state court and irrespective of how any such inquiry may have turned out. Pp. 364 U.S. 223-224.

      3. The test is one of federal law, neither enlarged by what one state court may have countenanced nor diminished by what another may have colorably suppressed. P. 364 U.S. 223-224
      266 F.2d 588, judgment vacated and case remanded.

It is obvious that the Akron Municipal Court Judge relied on evidence not lawfully presented or verified under Ohio and or Federal evidentiary standards. Additionally, Mr. Benton was denied the opportunity to review the affidavit and search warrant until after he was convicted.

Under 18 U.S.C. § 2517, intercepted communications may only be disclosed or used in a criminal proceeding if they are lawfully obtained, properly disclosed, and approved by a court of competent jurisdiction. The third requirement (competent jurisdiction) was not met and therefore the municipal court judge did not have the authority to issue the warrant. If a municipal court judge issues a search warrant based directly on wiretap evidence; it is necessary for that judge to review the title III authorizations, obtain a proper chain of custody and disclosure of the evidence. It is clear that Honorable Judge Walker was required to complete an independent evaluation prior to signing the search warrant. To Mr. Benton's and counsel's knowledge, the municipal court judge was never provided a copy of this Court's title III authorization, nor questioned the officer in regard to how the evidence was obtained. She relied on the four corners of the affidavit, which only suggested that there was probable cause as a result of the conversations that were heard on the title III wiretaps. Without review of the title III authorizations, this was a bare bones affidavit. Therefore, Mr. Benton believes the warrant was not legally obtained, as it lacks probable cause.

Mr. Benton would ask leave of this Court to allow him to file a motion to suppress and also receive a full evidentiary hearing on this matter.

        Respectfully submitted,

        DICAUDO, PITCHFORD & YODER, LLC

        /s/ J. Reid Yoder
        J. Reid Yoder (0076587)
        209 S. Main Street, Third Floor
        Akron, Ohio 44308
        Telephone:330.762.7477
        Facsimile:330.762.8059
        Email: ryoder@dpylaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 6, 2025, a copy of the foregoing was served upon counsel for all parties via the Court's electronic filing system.

        /s/ J. Reid Yoder
        J. Reid Yoder (0076587)