**SUPPLEMENTAL REPLY BRIEF ON INEFFECTIVE ASSISTANCE OF COUNSEL**

**IN THE COURT OF COMMON PLEAS**
**NOTHERN DISTRICT OF OHIO**

---

**STATE OF OHIO,**

                              Plaintiff,

Case No: CR-18-XXXXXXX

v.

**WILLIE BENTON,**

                              Defendant.

**FILED**

**JUN 24 2025**

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

---

**SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF POST-REMAND MOTION**

**TO ADDRESS INEFFECTIVE ASSISTANCE OF COUNSEL**

NOW COMES the Defendant, **Willie Benton**, and respectfully submits this **Supplemental Reply Brief** to expand the record on **ineffective assistance of counsel (IAC)** — the core issue on remand. The State's response mischaracterizes the nature and extent of prior counsel's failings, and the record must be corrected to reflect the full constitutional violations suffered by the Defendant.

---

## I. INTRODUCTION

This case was remanded, in part, to allow further factual and legal development regarding **ineffective assistance of counsel**. The Defendant's trial and appellate counsel failed to raise multiple meritorious issues that prejudiced his defense, including:

- Failing to challenge a **defective search warrant** issued by a **municipal judge** based on **federal wiretap evidence**;
- Failing to request the **complete set of three warrants and affidavits**, leaving the record incomplete;
- Failing to file a timely **motion to suppress** or to request a **Franks hearing** challenging false or misleading warrant affidavits;

- Failing to argue that the evidence was derived from a **Title III violation** under 18 U.S.C. §§ 2515 and 2518;
- Failing to raise **jurisdictional challenges** to the State's use of federal evidence through an improper judicial forum.

## II. ARGUMENT

### A. Prior Counsel's Performance Was Deficient

Under **Strickland**, defense counsel has a duty to investigate and raise constitutional challenges that are obvious on the face of the record. Counsel in this case:

- **Did not investigate or obtain all discovery**, including the third search warrant and affidavit;
- **Did not challenge** the warrant issued by a municipal judge relying on **federal DEA surveillance**;
- **Did not raise suppression grounds** under federal wiretap law (18 U.S.C. § 2518(10)(a));
- **Did not preserve these issues for appeal**, which directly resulted in the appellate court remanding for further proceedings.

Such omissions fall below any reasonable standard of defense representation in a felony wiretap and search-based prosecution.

### B. Defendant Was Prejudiced by Counsel's Errors

Had counsel raised these issues:

- The court may have suppressed evidence as unlawfully obtained;
- The State may not have been able to proceed to indictment or trial;
- The appeal would have included a full suppression record, potentially reversing the conviction earlier.

This is **sufficient prejudice** under **Strickland** to justify relief.

## III. REQUEST FOR RELIEF

For the foregoing reasons, Defendant **Willie Benton** respectfully requests that this Court:

1. Accept this supplemental reply into the record on remand;
2. Make factual findings as to the ineffective assistance of prior counsel;
3. Grant Defendant's previously filed **Motion to Suppress** and/or set an **evidentiary hearing**;

4. Grant any further relief this Court deems just and proper.

**Respectfully submitted,**

**Willie Benton #65749060**

2240 Hubbard Rd Youngstown, OH 44505

June 24 2025