## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **WILLIE R. BENTON, JR.,** | ) | **CASE NO. 5:21-CV-00677** |
| | ) | **5:18-CR-00406** |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| | ) | |

This matter comes before the Court upon remand of Petitioner Willie Benton, Jr.'s petition pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Doc. 1, Doc. 73. This Court previously DENIED all of Petitioner's grounds for relief. Doc. 107, 108. Petitioner appealed this Order to the Sixth Circuit and the matter was remanded with instructions to hold an evidentiary hearing on the discrete issue of whether his counsel was ineffective for failing to independently test the substance found in a safe in his home. The Sixth Circuit set forth the relevant facts as follow:

> In 2018, Benton pleaded guilty to conspiracy to possess with the intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, arising from his purchase of approximately four kilograms of powder cocaine from his co-defendant. See *United States v. Benton*, 957 F.3d 696, 699 (6th Cir.), *cert. denied*, 141 S. Ct. 831 (2020). In exchange for his plea, the government dismissed a second count related to Benton's possession of approximately three kilograms of a substance, found in a safe in his house, that was later determined by the Ohio Bureau of Criminal Investigation (BCI) Laboratory to contain cocaine or cocaine base. *See id.*
>
> At a pretrial hearing before Benton entered his plea, the parties explained to the court that there remained a dispute as to whether the substance in the safe could be

1

treated as crack cocaine under the sentencing guidelines. Defense counsel acknowledged that the BCI's lab results showed that the substance contained cocaine base but noted that 'it didn't look like crack cocaine' and that he might conduct independent testing. Similarly, at the plea hearing, defense counsel again indicated that he would likely request independent testing of the substance from the safe to show that it was cocaine, rather than crack. Counsel ultimately did not do so, however, and the presentence report (PSR) treated the possession of the substance in the safe as 'relevant conduct' under USSG § 1B1.3(a)(2) and treated the substance as crack cocaine, increasing Benton's base offense level and sentencing range. *See* USSG § 2D1.1(c), comment. (n.(D)).

At sentencing, Benton's counsel did not directly dispute BCI analyst Keith Taggart's testimony that the substance contained 'cocaine base, crack cocaine.' Nor did counsel argue that the substance should not be treated as crack for purposes of USSG § 2D1.1. Instead, he elicited testimony from the investigating officer that the cocaine in the safe was of extremely poor quality and argued that, as a result, Benton's possession of it should not be considered relevant conduct. The district court, however, rejected Benton's argument that the substance, because it was 'highly adulterated' and unsellable 'junk,' should not be considered relevant conduct. See *Benton*, 957 F.3d at 699-700. On appeal, Benton challenged the relevant-conduct finding, arguing that he did not intend to distribute the crack cocaine from the safe because of its poor quality and thus his possession of it could not be considered part of the same course of conduct as his offense of conviction. See id. at 700-01. We rejected his argument, concluding that the district court did not clearly err by finding that Benton intended to sell the crack cocaine despite its poor quality. *Id.* at 702-03.

In 2021, Benton filed a § 2255 motion, claiming that his counsel was ineffective for, among other things, failing to independently test the substance in the safe and consult with an expert on drug type and purity. He argued that, had counsel done so, he could have shown that the substance was not crack cocaine, which would have resulted in a lower guidelines range. The district court denied the motion without an evidentiary hearing, concluding that Benton could not establish that, but for the failure to test the substance or consult an expert, the outcome of the proceedings would likely have been different. We granted a COA as to whether counsel was ineffective for failing to test the substance or consult an expert to support the argument that the substance was not crack cocaine.

*Benton v. United States*, No. 22-3676, 2023 U.S. App. LEXIS 28185, at *1-2 (6th Cir. Oct. 23, 2023); Doc. 113.

The Sixth Circuit remanded this matter to the Court with instructions to conduct an evidentiary hearing, stating that: "[c]ounsel could have argued both that the substance should not

be considered relevant conduct and that, if it was counted as relevant conduct, it should be treated as regular cocaine, not crack.  Because it is plausible that the substance was cocaine base but not crack, which would have resulted in a lower guideline range, Benton is entitled to further factual development on his certified ineffective-assistance claim." *Id*. at *8; Doc. 113 at 5.

On remand, this Court granted Petitioner's request to independently test the substance and granted his motion to approve independent drug testing funding. Doc. 124, 131.  Upon completion of this independent testing, on May 7, 2025, the Court conducted an evidentiary hearing. Detective Mike Gilbride and Petitioner testified. The parties filed post-hearing briefs.

The independent testing was consistent with the previous testing by the Government, however, the evidentiary hearing reflected that the composition, consistency, and coloring were not what one would expect for crack-cocaine. Doc. 143. As such, the Court concludes that Petitioner's counsel was ineffective for failing to present the argument that that substance was anything other than crack cocaine. As a result, out of an abundance of caution, this Court GRANTS Petitioner's motion vacate his sentence.  Resentencing will be scheduled in an order to follow.

Petitioner has filed various motions tangentially related to his 2255 motion and these proceedings.  In light of the Court's decision to resentence Petitioner, these motions are denied as MOOT. Doc. 151, 154, 156, 158, 159.

## IV. CONCLUSION

For the reasons stated above, Benton's motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is GRANTED. Doc. 102.  Petitioner's related motions are DENIED as MOOT. Docs. 151, 154, 156, 158, 159.

Date:  July 2, 2025                    /s/ John R. Adams
                                       **JUDGE JOHN R. ADAMS**
                                       **UNITED STATES DISTRICT COURT**