UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,
        Plaintiff,

v.

WILLIE BENTON,
                        Defendant.

Case No. 5318 CR 00406
Judge John R. Adams

FILED
AUG 0 1 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

**DEFENDANT'S SENTENCING MEMORANDUM
AFTER GRANT OF § 2255 MOTION**

COMES NOW the Defendant, Willie Benton, by and through undersigned counsel or pro se, and respectfully submits this Sentencing Memorandum pursuant to the Court's order granting resentencing following the successful motion under 28 U.S.C. § 2255. This memorandum is submitted to assist the Court in determining a sentence that is fair, just, and lawful under the circumstances, particularly in light of newly discovered evidence, constitutional violations, and due process defects in the original prosecution.

**I. INTRODUCTION**

On July 3, 2025, this Honorable Court granted Defendant's § 2255 motion, recognizing that the original proceedings were fundamentally unfair due to ineffective assistance of counsel and/or constitutional violations. The underlying conviction rested on unreliable, misleading, and suppressed evidence. Accordingly, Defendant now seeks a just resentencing that accounts for:

The government's failure to meet its burden of proof regarding drug identity and quantity;

The absence of actual crack cocaine (tested substance was only 8% cocaine base and largely non-controlled material);

Brady violations, including the suppression of GPS tracking warrants and search warrant affidavits;

Franks violations regarding false or misleading warrant affidavits;

Ineffective assistance of counsel for failing to litigate 4th, 5th, and 14th Amendment claims;

The improper introduction and use of alleged firearm evidence that was never actually indicted nor presented to the grand jury.

## II. DRUG WEIGHT AND IDENTITY FAILURE

On remand, drug exhibits were tested and found to contain only 8% cocaine per kilogram seized. Not only did the government fail to prove the drugs were "crack cocaine" as charged, but the actual substance was not crack, and not even pure cocaine hydrochloride. The composition of the substance shows that it was not marketable crack cocaine, and the government has failed to meet its burden of proof under Apprendi and Alleyne standards for drug type and quantity beyond a reasonable doubt.

Thus, the original sentencing was based on a false drug type and inflated weight, leading to a fundamental miscarriage of justice.

## III. BRADY AND DUE PROCESS VIOLATIONS

The government withheld critical evidence, including:

GPS tracking warrants and affidavits used the day of arrest;

The Title III wiretap affidavit that was the basis for the investigation;

The state search warrants, which were never disclosed nor referenced in the federal criminal complaint;

The fact that the criminal complaint and affidavit omitted the involvement of these state warrants and key evidence.

Due to these omissions, Defendant was denied the opportunity to challenge the validity of the warrants, contest probable cause, and raise Franks issues. These omissions were not harmless. The suppression of this evidence undermined the fairness of the entire proceeding and violated Defendant's due process rights under Brady v. Maryland, 373 U.S. 83 (1963).

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant's trial attorney:

Waived the right to challenge the criminal complaint and omitted warrants;

Failed to file a motion to suppress despite glaring defects in the warrants;

Failed to object to inadmissible or misleading evidence, such as the firearm photos and claim it was near the drugs, when pictures show it was not;

Did not challenge the government's narrative when Defendant was never indicted for crack cocaine or firearm possession, yet both were used to enhance the sentence.

This falls far below the standard established in Strickland v. Washington, 466 U.S. 668 (1984), and directly led to prejudice.

## V. GOVERNMENT'S MISCONDUCT

The prosecution also:

Withheld key warrant affidavits at Defendant's initial appearance;

Misrepresented facts to the grand jury and omitted the drug and gun issues from indictment;

Used false evidence in sentencing (e.g., alleging the firearm was found near drugs when evidence shows otherwise);

Created a criminal complaint that contradicted state search warrant affidavits filed earlier that day, with no disclosure of the dual filings.

These tactics deprived Defendant of notice, opportunity, and fairness, violating the 5th and 14th Amendments.

VI. REQUEST FOR RELIEF

For the foregoing reasons, Defendant respectfully requests that the Court:

Impose a sentence of time served, based on:

The invalid drug type and exaggerated weight;

Brady violations and false evidence;

The unconstitutional and prejudicial errors that infected the original sentence;

The government's failure to meet its burden under § 841 and Sentencing Guidelines;

Alternatively, impose a sentence based only on actual cocaine content, excluding enhancements for:

Crack cocaine (which was never proven);

Possession of a firearm (not indicted, not proved);

Any conduct not supported by indictment or factual basis.

Request the Court take judicial notice of Defendant's post-conviction conduct, compliance, and rehabilitation while on remand.

Request a full evidentiary hearing (if not already granted) to expand the record and allow all constitutional claims to be developed, including:

Brady violations;

Franks claims;

Invalid GPS and search warrants;

Waiver of suppression rights without informed consent.

VII. CONCLUSION

The resentencing should reflect the truth: this was not a crack case, it was not a gun case, and it was not a case where justice was served the first time. The Court now has the opportunity to rectify these wrongs. A sentence of time served, or one without improper enhancements, would best serve justice.

Respectfully submitted, *Willie Benton* /#65749060

Willie Benton,
Defendant, pro se or through counsel
[Include address or institution number if filing pro se]
[Date] 7-23-2025

Neocc
2240 Hubbard Rd
Youngstown, OH 44505