UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

UNITED STATES OF AMERICA,

Plaintiff,

v.

WILLIE BENTON,

Defendant.

FILED
NOV 25 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

Case No. 5:18-CR-00406
Judge [Insert Judge Adam's full name]

## AFFIDAVIT OF PERSONAL BIAS AND PREJUDICE PURSUANT TO 28 U.S.C. § 144

### I. BASIS FOR AFFIDAVIT

Pursuant to 28 U.S.C. § 144, a party to any proceeding in a district court may file a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against that party or in favor of an adverse party. Once such an affidavit is filed, reassignment is mandatory if the facts presented would cause a reasonable person to question the judge's impartiality.

### II. FACTUAL GROUNDS FOR RECUSAL

1. The presiding judge adopted the Government's representations as factual without evidentiary review, treating advocacy as fact and rejecting documentary contradictions from the record.
2. The Court recharacterized Defendant's filings to diminish their legal effect and refused to address the actual grounds presented.
3. The Court's commentary and rulings consistently favored the prosecution, exhibiting hostility toward the Defendant and justifying recusal.
4. The Court failed to enforce the Government's duty to respond and allowed repeated disregard of discovery obligations.
5. Filings have been dismissed without hearings or factual review, contrary to procedural fairness.
6. After the Defendant's 28 U.S.C. § 2255 motion was granted in part, confirming that the substance attributed as "crack cocaine" was not crack cocaine and never charged in the indictment, the Court failed to conduct a meaningful resentencing hearing. Instead, it relied on tainted and irrelevant conduct

as if still valid.

## III. ADDITIONAL FACTUAL EVIDENCE OF BIAS

7. On remand, newly discovered evidence showed that the warrant relied upon was invalid and that an unknown confidential source was used. Further investigation revealed that the true probable cause originated from a Title III wiretap authorized by this same Court and presiding judge.

8. The judge has denied all pro se motions seeking to expand the record, despite counsel's refusal to file necessary pleadings, effectively obstructing full review of the ineffective assistance of trial counsel already found meritorious in part.

9. The Court has permitted the Government to continue using a false narrative regarding the location of a firearm, asserting it was found next to a safe when the Probation Report states it was found under a bed.

10. Despite this contradiction and evidence of false testimony, the judge has refused to correct the factual record, failed to compel the Government to respond, and assumed a prosecutorial role inconsistent with judicial neutrality.

## IV. CONSTITUTIONAL DEPRIVATIONS

The judge's unwillingness to ensure fairness has resulted in ongoing violations of Defendant's Fifth Amendment due process rights and Sixth Amendment rights to counsel and confrontation.

The Supreme Court has made clear that when a judge assumes a prosecutorial role, or displays hostility or bias toward one party, recusal is constitutionally required.

Defendant has been prevented from obtaining:
- A full evidentiary hearing on Brady and Franks issues;
- Correction of PSR errors;
- Judicial enforcement of the Government's discovery and response duties.

## V. SPECIFIC EXAMPLES OF JUDICIAL BIAS AND PREJUDICE

- Denial of evidentiary hearings and discovery requests;
- Adopting the Government's arguments as judicial findings;
- Refusal to correct clear, known factual errors;
- Suppression of BCI laboratory evidence;
- Tolerance of false statements and perjured testimony by the prosecution;
- Failure to enforce the Court's own prior § 2255 findings acknowledging ineffective counsel and sentencing errors.

## VI. CONCLUSION

The presiding judge's continued refusal to acknowledge Government deception—including withheld lab reports, misrepresented gun evidence, and use of tainted relevant conduct—constitutes an

endorsement of prosecutorial misconduct.

Such predisposition denies the Defendant a fair adjudication and requires mandatory recusal under 28 U.S.C. § 144.

Respectfully submitted,

Willie Benton
Defendant, ~~Pro Se~~ *Willie Benton*
[Institution or Mailing Address]
[City, State ZIP]
[Date]

Neoco
2240 Hubbard Rd
Youngstown, Oh 44505

Sworn and subscribed before me this 20 day of Nov, 2025