UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CASE NO. 5:18CR406 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | <u>Judge John R. Adams</u> |
| | ) | |
| WILLIE R. BENTON, JR., | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

On October 23, 2023, the Sixth Circuit remanded this matter to the Court for "further factual development on his certified ineffective-assistance claim." Doc. 113 at 5. Importantly to this Court's resolution of Defendant Willie Benton's pending motions is the Circuit's resolution of Benton's request for a certificate of appealabilty:

> In his application for a COA, Benton essentially makes two arguments: counsel was ineffective for failing to investigate the substance regardless of his decision to plead guilty, and counsel was ineffective for failing to investigate the substance because his plea was contingent on the promise to do so. We conclude that reasonable jurors could debate the district court's resolution of the first claim.
>
> Had counsel fully investigated the substance from the safe, the outcome of Benton's sentencing proceeding could have possibly changed.
>
> …
>
> As to Benton's arguments about his decision to plead guilty, reasonable jurists

1

> could not debate the district court's conclusion that there was no evidence that counsel promised to independently test the drugs, much less evidence that Benton's plea was contingent on such a promise. Rather, evidence suggests the opposite.

Doc. 112 at 3-4. In other words, the Circuit found only that an expansion of the record was necessary with respect to Benton's claim that counsel was ineffective *at sentencing*.

The Court has subsequently held an evidentiary hearing, found that counsel was ineffective for failing to test the substance at issue for sentencing purposes, and ordered a new sentencing hearing for Benton with an updated presentence report. Benton, however, has interpreted the Circuit's opinion as effectively restarting his entire criminal proceeding. As a result, despite being represented by counsel up until the Court's most recent hearing on December 11, 2025, Benton has filed myriad *pro se* motions.

For example, Benton filed a motion to have evidence weighed (Doc. 124), two motions to suppress (Docs. 160 and 161), objections to the PSR styled as a motion (Doc. 179), a motion to amend the PSR (Doc. 195), a motion seeking recusal from the undersigned (Doc. 198), 2 more motions to suppress (Docs. 202 and 203), a motion to compel corrections to the PSR (Doc. 204), a second motion to recuse (Doc. 205), 2 motions to expand the record (Docs. 206 and 209), a motion to follow the Sixth Circuit's mandate (Doc. 210), a motion to address plea agreement violations (Doc. 211), a motion to stay pending appeal (Doc. 214), a motion to vacate under Rule 60 (Doc. 215), and a motion to vacate sentence based on structural error (Doc. 216).

Initially, the Court notes that motions not related to sentencing are not properly before this Court. Benton had pled guilty in this matter and there are no issues properly before this Court to undermine that guilty plea. As such, Benton's motions are DENIED to the extent they relate to matters that pre-date his plea such as suppression. Docs. 124, 160, 161, 202, and 203. To the

2

extent that Benton seeks to expand the record with a further hearing beyond the issue related to the testing of the substance at issue, his requests are similarly beyond the scope of this remand. Accordingly, those requests are also DENIED. Docs. 206, 209, and 210.

Benton's motions seeking recusal of the undersigned are based upon his perception that prior rulings have not been in his favor. Benton, however, must establish that the alleged bias and prejudice is personal, stemming from an *extrajudicial source* and resulting in an opinion on the merits on some basis other than what the judge has learned from his participation in the case. *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) (emphasis added); United States v. Beneke, 449 F.2d 1259, 1260 (8th Cir. 1971). The mere fact that a judge has made an adverse ruling against a particular party during the course of judicial proceedings does not establish bias or prejudice on the part of a judge. *Berger v. United States*, 255 U.S. 22, 31 (1921); *Oliver v. Michigan State Board of Education*, 508 F.2d 178, 180 (6th Cir. 1974) *cert. denied*, 421 U.S. 963 (1975). Beyond being unhappy with prior rulings by the Court, Benton has offered no evidence or argument of any extrajudicial source of bias. Accordingly, his motions to recuse are DENIED. Docs. 198 and 205.

Next, the Court notes that Benton's objections and motions to correct the PSR (Docs. 179, 195, and 204) will be resolved at sentencing where Benton will be given every opportunity to present objections to the PSR.

Benton also seeks to stay these proceedings pending appeal. However, Benton does not have an appeal pending before the Sixth Circuit. Instead, it appears that he filed an "emergency motion" to enforce the Circuit's mandate. It does not appear that the Sixth Circuit would have jurisdiction over such a motion, having returned the matter to this Court via its mandate.

3

Moreover, as the Court has detailed herein, the mandate has been followed. Accordingly, there is no basis to stay the proceedings. The motion is DENIED. Doc. 214. If Benton believes other issues were properly before this Court, he will have the opportunity to make such an argument on appeal following his resentencing.

Benton next asserts that his plea agreement should be invalidated because the Court improperly participated in his plea negotiations. Simply stated, this assertion is demonstrably false. The Court has not in these proceedings, or ever, participated in plea negotiations between the Government and Benton or any other defendant. Accordingly, the motion is DENIED. Doc. 211.

Benton's Rule 60 motion and motion to vacate for structural error make similar unfounded assertions going as far as to suggest that the undersigned "helped craft" the terms of his plea agreement. No such effort took place, and Benton has offered nothing from the record to support such ludicrous allegations. To the extent that these motions make complaints about the evidence that was used to indict Benton, those arguments are not properly before the Court. Accordingly, the motions are DENIED. Docs. 215 and 216.

In closing, the Court would note once again that the Sixth Circuit's mandate required this Court to expand the record to resolve Benton's allegation that his counsel was ineffective *at sentencing*. While Benton may not agree with that resolution of his appeal, it does not give him *carte blanche* to effectively attempt to start his case over. Benton had the benefit of a direct appeal back in 2019 and the full review of his § 2255 motion before this Court. As such, the Court will confine itself to the limited issue that was remanded by the Sixth Circuit. Moreover, having found that Benton's sentence was the product of ineffective assistance of counsel, he will

4

be resentenced as scheduled and free to make any argument he wishes about the advisory guidelines, the presentence report, and the appropriate sentence he believes he deserves.

    IT IS SO ORDERED.

December 17, 2025                                        /s/ *John R. Adams*
Date                                                      Judge John R. Adams
                                                             United States District Court