# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF OHIO

### EASTERN DIVISION (AKRON)

**UNITED STATES OF AMERICA,**
    Plaintiff,

v.

    **WILLIE R. BENTON, JR.,**
    Defendant.

Case No.: **5:18-cr-00406-JRA**
Judge: **Hon. John R. Adams**

FILED
DEC 22 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

# PRO SE DEFENDANT'S

## RULE 32 OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT,

## MOTION TO STRIKE UNLAWFUL STATUTORY AND GUIDELINE ENHANCEMENTS,

## AND REQUEST FOR CORRECTED PSR ADDENDUM

## I. INTRODUCTION AND PROCEDURAL POSTURE

Defendant **Willie R. Benton, Jr.**, now proceeding **pro se**, respectfully submits these objections pursuant to **Federal Rule of Criminal Procedure 32**, the **Fifth and Sixth Amendments**, and controlling Supreme Court and Sixth Circuit precedent.

These objections are narrowly tailored to PSR accuracy and sentencing reliability. Defendant objects to material inaccuracies and legal defects in the Presentence Investigation Report ("PSR") that: (1) contradict the indictment and plea; (2) contradict the Government's **December**

11 on-record position that Defendant is a § 841(b)(1)(B) defendant; (3) unlawfully increase statutory exposure and guideline range; and (4) rely on false or unreliable factual assertions (including firearm location/proximity claims).

Rule 32 requires correction or formal resolution of these disputes before any sentence is imposed.

## II. GOVERNING LEGAL STANDARDS

### A. Rule 32

Under **Fed. R. Crim. P. 32(i)(3)(B)**, the Court must rule on any disputed portion of the PSR or determine that it will not be relied upon. A defendant cannot be sentenced on materially false information.

### B. Apprendi / Jones / Winship

Under **Apprendi v. New Jersey**, 530 U.S. 466 (2000), and **Jones v. United States**, 526 U.S. 227 (1999), any fact that increases the statutory penalty beyond what the indictment and plea authorize must be charged and proven to a jury beyond a reasonable doubt, or knowingly admitted. The PSR cannot lawfully increase statutory penalties through uncharged "relevant conduct."

## III. OBJECTION ONE

### PSR IMPROPERLY ATTRIBUTES § 841(b)(1)(A) PENALTIES / EXTRA "3 KEYS" CONTRARY TO INDICTMENT, PLEA, AND GOVERNMENT'S ON-RECORD POSITION

1. The indictment in this case charges **cocaine** and includes § 841(b)(1)(B) charging language; it does not charge crack cocaine/cocaine base as a penalty-triggering element.
2. On **December 11**, the prosecutor stated on the record that Defendant is a § 841(b)(1)(B) defendant.
3. The PSR's addition of "3 extra kilograms/keys" as punishment-driving relevant conduct is unlawful to the extent it changes the penalty framework beyond what Defendant admitted and what the indictment charged.

**Relief Requested:** Probation must correct the PSR to reflect the proper statutory framework and remove or clearly mark as disputed any added quantity that alters the statutory penalty structure or increases guideline exposure without reliable proof and Rule 32 findings.

## IV. OBJECTION TWO

### FIREARM ENHANCEMENT RESTS ON FALSE/UNRELIABLE LOCATION AND PROXIMITY CLAIMS

Defendant objects to any firearm enhancement or firearm narrative used to increase the offense level where the record contains conflicting versions of firearm location (e.g., "next to safe" vs. later disclosures indicating "under a bed"), and where the testifying agent was not the recovery officer. Enhancements must be based on reliable facts and the Government bears the burden of proof.

**Relief Requested:** Remove the firearm enhancement or require formal Rule 32 findings supported by reliable evidence.

## V. OBJECTION THREE

### DRUG TYPE MISCHARACTERIZATION (COCAINE VS "CRACK/COCAINE BASE") AFFECTS OFFENSE LEVEL

Defendant objects to PSR drug-type labeling that implies "crack" or treats cocaine base as crack where the indictment charges cocaine and the record contains serious dispute on drug type. Drug type directly affects base offense level and must be supported by reliable evidence.

**Relief Requested:** Correct drug-type description and guideline computation; remove "crack" implications unless proven/admitted.

## VI. OBJECTION FOUR

### CRIMINAL HISTORY CATEGORY MUST BE ACCURATE (VI → III ERROR)

Defendant objects to criminal history scoring errors that previously framed him as Category VI when later corrected to Category III. This error materially affected the guideline range and must be clearly corrected in the PSR with a written addendum.

## VII. REQUEST FOR RELIEF

Defendant respectfully requests that the Court:

1. Order Probation to issue a **written PSR Addendum** responding to each objection;
2. Require the United States to state its position on each objection;
3. Strike or decline to rely upon disputed facts unless resolved under **Rule 32(i)(3)(B)**; and
4. Grant all other appropriate relief to ensure sentencing is based on accurate, lawful information.

## CERTIFICATE OF SERVICE

I certify that on this _15_ day of _Dec_, 2025, I served a true and correct copy of the foregoing **Pro Se Rule 32 PSR Objections and Motion for Corrected Addendum** by placing it in the U.S. Mail, addressed to:

### (1) Government (Service)

**Pete E. Daly, Assistant United States Attorney**
United States Attorney's Office – Akron Branch
John F. Seiberling Federal Building
2 South Main Street, **Suite 400**
Akron, OH 44308

### (2) United States Probation Office (Service)

**United States Probation Office**
Northern District of Ohio – Youngstown Office
Attn: **Jessica Kohut, U.S. Probation Officer**
**Thomas D. Lambros Federal Building**
**125 Market Street**
Youngstown, OH **44503**

### (3) Court (Filing Copy if you mail copies separately)

**Clerk of Court**
United States District Court, Northern District of Ohio
John F. Seiberling Federal Building
2 South Main Street, Room 030
Akron, OH 44308

Respectfully submitted, *Willie Benton*

★ *Willie Benton*
Dec 16, 2025

MISSED monday mail /
Closed

Willie R. Benton, Jr.
Defendant, Pro Se
Reg. No. 65749060
[Institution / Mailing Address]
Date: Dec 15 2025

Neocc
2240 hubbard rd
Youngstown, OH 44505