IN The United States District Court

Northern District of Ohio

Eastern division — Akron

FILED
DEC 22 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

Willie R. Benton Jr.
Movant Pro Se

V

United States of America

Case No. 5:18-CR-00406 original 5:21-CV-00677
Appeal 22-3676

Judge Hon. John R. Adams

PRO Se Motion Requesting government position and Response (on Ineffective assistance of Counsel "Prejudice") TO STRUCTURAL AND STATUTORY ERROR

Violations of Fed R. Crim. P. 11(c)(1) Fed. R. Evid 410, 602, 603 and improper judicial participation in plea negotiations regarding Relevant Conduct Hearing and 3 Keys extra violating B1(B) penalty Range admitted on Dec 11th 2025 at Conference status hearing.

Movant Willie R. Benton Jr ("Movant") pro se, respectfully moves this Honorable Court to require government Response based on structural errors at plea discussions and statutory added in PSR and order reflects B(1)(A) and these errors stem from:

(1) impermissible judicial participation in plea negotiations in violation of Rule 11(c)(1);

(2) reliance on information not based on personal knowledge in violation of Rule 602 R. Evid.

(3) and PSR amended penalty B(1)(A) and order language B(1)(A) shows Relevant Conduct 4 Ant 4py would change penalty in plea of B(1)(B) specifically.

(2)

These violations all counsel missed were simply in the transcripts evidence plainly how could any appeal counsel do a good case Review and missed all these trail errors counsel missed and They also never saw state involvement.

# I. INTRODUCTION

What Happened in this case is a Structural error, NOT Harmless error

- Counsel did not test government theory at all.

- The Supreme Court held for years that a judge may not participate in plea negotiations under any circumstances.

- Judicial participation does not require intent, length or hostility

(3)

any participation whatsoever automatically triggers structural error and invalidates the plea.

In Movant's case the record reflects that district court Judge directly participated in crafting the statutory violation and Relevant Conduct, discussing and approving the hearing he never or has not done. and approving the language with prosecution to verify. Plea terms. Particularly with respect to "Relevant Conduct". Lawrence Whitney Defense Counsel agreed with Judge and prosecution to conduct in record all together. Before any test or plea.

Such participation is Structural error because it detrays the voluntary nature on the Plea and Any Counsel should new this. This is exactly the kind of improper involvement Rule 11(c)(a) forbids.

(4)

Structural error requires reversal and cannot be excused as harmless.

II Rule 11(c)(1) - The Judge is absolutely forbidden from participating in Plea Discussions.

Rule 11(c)(1) states:

"The court must not participate in plea discussions." Not should not
Not generally   should avoid.
MUST NOT"

In Movant case:

- Judge and Defense Counsel both discussed and agreed with prosecutor to check upon "Relevant Conduct" hearing.
- Judge expressed how he had not done so while or ever.
- Movant Plea end up containing language influenced by discussions by Counsel and Judge

⑤

This alone Requires government position and Response and how counsel failed to defend best interests needs litigated because all counsel did not see error especially on Appeals.

### III. Rule 602

Testimony must be based on personal knowledge

Rule 602 prohibits testimony unless the witness has personal knowledge.

Movant sentencing involved

- Assertions by government prosecutor to prove his Required "Intent" to prove constructive possession was based off of testimony under Oath that the firearm was next to cocaine base in a safe on the sentencing transcripts
- Agent later testified who admit was not officer who found firearm that it was Next to the Safe.

(6)

• Later findings in PSR 2025 probation says firearm was actually found under bed not next to safe or any cocaine at all. These contradicting testimonies needed for me have been found by 8 lawyers case review but needs position of the government about there evidence to apply gun enhancement in PSR and Record Reflect how all counsel did not find error.

~~III~~ IV. The Cumulative effect of these 6TH Amendment ineffective assistance of counsel errors "Cause and Prejudice" Movant initial pretrail and trail and all appeal Review because the Record needs to reflect all errors all counsel missed.

⑦

IV. Request for Relief

1. Government Position

2. Government Response

3. Should 3key B(1)(A) penalty apply or 4 key only in Plea B(1)(B) penalty pete daly admitted to apply "Relevant Conduct" dismissed entirely.

4. Gun enhancement position "Intent" not proven because testimony not truthful. position and Response to all

5. State involvement never mentioned or independant inquire by federal government at all stages Counsel failed to investigate "Prejudice" Mount vacatur.

⑧

Certificate of Service

I certify that a copy of this PRO SE Motion Requesting government position And Response has been placed in the institutional mail system for delivery to Clerk of Courts of U.S. District Court on this 18th day of December 2025

to: original
Clerk of Courts
United States District Court
Northern District of Ohio - Akron
2 South Main St
Akron OH 44308

copies to:

Pete Daly
Assistant United States Attorney
208 Federal Bldg
2 South Main St
Akron, OH 44308

(9)

and copy to:

Henry F. DebaggisII
Assistant U.S. Attorney
Office of U.S. Attorney
801 W. Superior Ave
Cleve, OH 44113

and copy to:

Daniel M. Toepfer
U.S. Attorney
Northern District of Ohio
Carl. B. Stokes Bldg
801 West Superior Ave
Cleve, OH 44113

and copy to and transcripts
evidence soon arrive.
Pamela Bondi
Attorney General of The United States
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530

Respectfully submitted    original

Willie R. Benten Jr
County Pro se /s/ Willie B
NEOCC                    Dec 18th 2025
2240 Hubbard Rd
Youngstown, OH ~~44505~~